IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| YAACOV APELBAUM, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:25-cv-147-MHN-WBP |
| ) | |
| JORDAN ARTHUR BLOOM, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) and 12(b)(6)**

The Plaintiffs, Yaacov Apelbaum and XRVision, Ltd., by counsel, respond to Defendant Jordan Arthur Bloom's Motion to Dismiss (ECF 13) (the "Motion") as follows:

The Court should deny Mr. Bloom's Motion because: (1) Plaintiffs sufficiently pled jurisdiction, and jurisdiction is proper in this Court; (2) Plaintiffs sufficiently pled per se defamation and, therefore, pleading special damages is unnecessary; (3) Plaintiffs sufficiently pled actual malice; and (4) Plaintiffs sufficiently pled that Mr. Bloom's statements were not protected by either Va. Code § 8.01-223.2(A) or by the First Amendment because Plaintiffs sufficiently alleged actual malice. Mr. Bloom's brief[1] is itself insufficient. It is replete with admissions and facts which contradict the Complaint, making dismissal premature at best.

---

[1] Mr. Bloom's Motion was not accompanied by a brief, in violation of L. Civ. R. 7(F).

1. **LEGAL STANDARD**

"In considering a Rule 12(b)(6) motion, the Court 'must accept as true all of the factual allegations contained in the complaint, drawing "all reasonable inferences" in the plaintiff's favor. In addition to the complaint, the court may also examine documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Morefield v. Bailey,* 959 F. Supp. 2d 887, 896 (E.D. Va. 2013) (internal quotations and citations omitted).

2. **ARGUMENT**

   A. **This Court Has Jurisdiction**

Mr. Bloom falsely states, without evidence, that Plaintiff XRVision, Ltd., is incorporated in Singapore. *See* Motion, at ¶ 14. Plaintiffs correctly alleged that XRVision, Ltd. is incorporated in New York, with its principal place of business in New York, and Mr. Apelbaum is likewise a citizen of New York. *See* Compl., at ¶¶ 11, 12. *See also* Exhibit A, attached hereto (XRVision Ltd.'s New York Certificate of Incorporation, filed March 8, 2016).[2] Mr. Bloom is a citizen of Virginia. Hence, there is complete diversity of citizenship[3] and the amount in controversy exceeds $75,000.

---

[2] The Court may take judicial notice of the record attached as Exhibit A, which may be found on the website of the New York Office of the Secretary of State. *See, e.g., Theerachanon v. Westlake Fin. Svcs.*, No. 3:23-cv-818, 2025 WL 19813, at *7 (E.D. Va. Jan. 2, 2025); *Hilton v. Gossard*, 702 F. Supp. 3d 425, 430 (D.S.C. 2023).

[3] *See* Complaint, at ¶¶ 4, 11, 12, 13.

*See* 28 U.S.C. § 1332. To the extent Mr. Bloom is challenging personal jurisdiction, it is uncontested that Mr. Bloom is a citizen of Virginia.[4] Additionally, Virginia courts apply the *lex loci delicti* rule in defamation actions. *See Wiest v. E-Fense, Inc.*, 356 F. Supp. 2d 604, 608 (E.D. Va. 2005) (where the defamatory statement was published on the internet, the place of the wrong is the jurisdiction in which the website was controlled). Mr. Bloom lives, works, and publishes his site in Virginia, and jurisdiction is proper in this Court. *See* Complaint at pp. 2-4. Accordingly, this Court has jurisdiction and Mr. Bloom's Motion should be denied.

### B. Plaintiffs Sufficiently Pled Per Se Defamation.

Mr. Bloom argues Plaintiffs failed to plead per se defamation and, having failed there and having also failed to plead special damages, Plaintiffs fail to state a claim, and their Complaint should be dismissed. Here, Mr. Bloom employs a curious strategy. Mr. Bloom argues his article did not accuse Plaintiffs of a crime because the Foreign Agents Registration Act ("FARA") is "only rarely treated as [a] criminal matter[]."[5] *See* Motion, at ¶ 2.

---

[4] In his Motion, Mr. Bloom does not contradict Plaintiffs' allegation that he is a citizen of Virginia and that he is subject to personal jurisdiction in Virginia. *See* Complaint, at ¶¶ 5-10, 13.

[5] Former Trump Campaign manager Paul Manafort might disagree. He was convicted of violating FARA. He also was convicted of conspiracy to defraud the United States (18 U.S.C. § 371). *See generally, USA v. Manafort*, 1:17-cr-00201, D.D.C. The U.S. Department of Justice's United States Attorney's Manual describes the latter offense as follows:

Incredibly, Mr. Bloom further argues that FARA would not be the proper vehicle with which to prosecute Israeli spies like Plaintiffs, anyway.[6] Mr. Bloom argues that an Israeli spy is an Israeli spy, "and for the Court to consider it tortious

---

> The general purpose of this part of the statute is to protect governmental functions from frustration and distortion through deceptive practices. Section 371 reaches "any conspiracy for the purpose of impairing, obstructing or defeating the lawful function of any department of Government." *Tanner v. United States*, 483 U.S. 107, 128 (1987); *see Dennis v. United States*, 384 U.S. 855 (1966). The "defraud part of section 371 criminalizes any willful impairment of a legitimate function of government, whether or not the improper acts or objective are criminal under another statute." *United States v. Tuohey*, 867 F.2d 534, 537 (9th Cir. 1989).
>
> The word "defraud" in Section 371 not only reaches financial or property loss through use of a scheme or artifice to defraud but also is designed and intended to protect the integrity of the United States and its agencies, programs and policies. *United States v. Burgin*, 621 F.2d 1352, 1356 (5th Cir.), *cert. denied*, 449 U.S. 1015 (1980); *see United States v. Herron*, 825 F.2d 50, 57-58 (5th Cir.); *United States v. Winkle*, 587 F.2d 705, 708 (5th Cir. 1979), *cert. denied*, 444 U.S. 827 (1979). Thus, proof that the United States has been defrauded under this statute does not require any showing of monetary or proprietary loss. *United States v. Conover*, 772 F.2d 765 (11th Cir. 1985), *aff'd*, *sub*. *nom*. *Tanner v. United States*, 483 U.S. 107 (1987); *United States v. Del Toro*, 513 F.2d 656 (2d Cir.), *cert. denied*, 423 U.S. 826 (1975); *United States v. Jacobs*, 475 F.2d 270 (2d Cir.), *cert*. *denied*, 414 U.S. 821 (1973).
>
> Thus, if the defendant and others have engaged in dishonest practices in connection with a program administered by an agency of the Government, it constitutes a fraud on the United States under Section 371….

U.S. Dept. of Justice, U.S. Attorney's Manual, at § 923 (https://www.justice.gov/archives/jm/criminal-resource-manual-923-18-usc-371-conspiracy-defraud-us) (last accessed April 19, 2025).

[6] To be clear, the Plaintiffs are not Israeli spies. Compl. ¶ 26.

to identify them poses risks not just to the First Amendment, but to national security." *See* Motion, at ¶ 4.

Mr. Bloom also argues that Plaintiffs' business could not have been harmed because, *inter alia*, the U.S. government and other U.S. businesses regularly and willingly contract with firms owned or operated by Israeli spies. *Id.*, at ¶¶ 5-8. Remarkably, Mr. Bloom's arguments double down on the defamatory statements about the Plaintiffs found in his articles. For example, Mr. Bloom chastises Plaintiffs for putting words in his mouth – he argues he did not allege that Plaintiff Apelbaum was a *dual-citizen* – but rather an Israeli engaging in espionage against the United States. *See* Motion, at ¶ 9.

Mr. Bloom does himself no favors. Working on behalf of a foreign government to steal from and undermine American businesses and fraudulently obstruct or influence the operations of the United States government (let alone the President of the United States) is plainly punishable under almost limitless theories of criminal charges.[7] Suggesting otherwise is an unserious argument – especially when in almost the same breath, Mr. Bloom argues that spies such as Plaintiffs are threats to American national security. *See* Motion, at ¶ 4.

Plaintiffs pled the statements that harmed them, **how** they were harmful, and **why**. *See, e.g.,* Compl., at ¶¶ 24-40, 45-46, 51-52, among others. Similarly, Plaintiffs sufficiently pled they were per se defamed because Mr. Bloom's statements clearly attacked Plaintiffs in their profession and business. *Id. See American Conservative*

---

[7] *See, e.g.,* Note 4, *supra*.

5

*Union v. Inst. for Legis. Analysis*, No. 1:24-cv-500, 2025 WL 510236, at *12 (E.D. Va. Feb. 13, 2025) (statements which are defamatory per se include "(i) those which impute to a person some serious crime involving moral turpitude; … (iii) those which impute to a person unfitness to perform the duties of an office or employment; and (iv) those which prejudice such person in his or her profession or trade") (citing *Tronfeld v. Nationwide Mut. Ins. Co.*, 272 Va. 709, 713, 636 S.E.2d 447, 449-50 (2006)). Having sufficiently pled per se defamation, Plaintiffs were not required to plead special damages.

For all of these reasons, Mr. Bloom's Motion should be denied.

**C.      Plaintiffs Sufficiently Pled Actual Malice.**

Mr. Bloom argues Plaintiffs failed to plead actual malice. Mr. Bloom is wrong. Actual malice, in the defamation context, means that "that the defendant made the defamatory statement with knowledge that it was false or with reckless disregard of whether it was false or not." *Fairfax v. CBS Corp.*, 2 F.4th 286, 292 (4th Cir. 2021). Plaintiffs plainly, clearly, and thoroughly pled actual malice. *See* Complaint at ¶¶ 47-50; *see also* ¶¶ 36-37 and 45-52.

**D.      Mr. Bloom's Statements Enjoy No Immunity.**

Because Plaintiffs sufficiently pled actual malice, Mr. Bloom's argument for immunity under Va. Code § 8.01-223.2(A) necessarily fails. *See Gilmore v. Jones*, 370 F. Supp. 3d 630, 682 (W.D. Va. 2019) (motion to dismiss based on the immunity statute was denied where the complaint sufficiently alleged actual malice); *see also Vivera Pharmaceuticals, Inc. v. Gannett Co., Inc.*, No. CL-2020-14458, 2021 WL 1164832, *4 (Va. Cir. Ct. Mar. 26, 2021) ("Even if the statements are privileged,

Vivera's claims should not be dismissed [under the immunity statute] because the complaint properly alleges malice as described above"); and *Alexis v. Kamras*, No. 3:19-cv-00543, 2020 WL 7090120 (E.D. Va. Dec. 3, 2020) (even if the statutory immunity were to apply, it can be lost [i.e., via actual malice], and whether it was lost by virtue of an improper mental state is a question of fact for the jury).

**3.    CONCLUSION**

For the foregoing reasons, Mr. Bloom's Motion should be denied.

Dated:  April 21, 2025

                          Respectfully submitted,

                          /s/ Timothy B. Hyland
                          Timothy B. Hyland (VSB No. 31163)
                          Counsel for Yaacov Apelbaum and XRVision, Ltd.
                          HYLAND LAW PLLC
                          11710 Plaza America Drive, Suite 160
                          Reston, VA  20190-4756
                          (703) 552-4733 (Tel.)
                          (703) 935-0349 (Fax)
                          thyland@hylandpllc.com

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 21st day of April, 2025, I will file the foregoing with the Clerk of Court using the CM/ECF system, and will mail a copy of the foregoing and the NEF by first-class mail, postage prepaid, to the following non-ECF user:

    Jordan Arthur Bloom
    3315 North Brandywine Street
    Arlington, VA 22207

    /s/ Timothy B. Hyland
    Timothy B. Hyland (VSB No. 31163)
    Counsel for Yaacov Apelbaum and
    XRVision, Ltd.
    HYLAND LAW PLLC
    11710 Plaza America Drive, Suite 160
    Reston, VA 20190-4756
    (703) 552-4733 (Tel.)
    (703) 935-0349 (Fax)
    thyland@hylandpllc.com