UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED

2025 APR 28  P 3: 17

| | |
|---|---|
| Yaacov Apelbaum and XRVision, Ltd  *Plaintiff* | ) ) ) |
| v. | ) )  Civil Action no. 1:25cv147 |
| Jordan Arthur Bloom  *Defendant, pro se* | ) ) ) ) |

**Memorandum in Opposition to Counterclaim Defendant's Motion to Dismiss Counterclaim**

Counterclaim Defendant argues barratry is not a cognizable civil cause of action. It is not just cognized but actually enumerated in statute in Texas as a civil claim. The common law offense of barratry was only abolished in 1967 in the United Kingdom, and was historically both a crime and a tort. Counterclaim Defendant does not show when or how this common law offense was abolished in Virginia or the United States. Counterclaimant argues the conduct of the Counterclaim Defendant here ought to be punished, and the common law tort of barratry is an appropriate cause of action to punish Plaintiff's vexatious litigation, for the following reasons.

1. Barratry is usually demonstrated by several things, the vexatiousness of the suit and the manner in which it is instigated. The way Plaintiff instigated this suit left no option to resolve the situation out of court short of a retraction *en toto*, which combined with what is essentially a dispute over language, gives it exactly the quality of officiousness constitutive of barratry, and because his suit is transparently meritless, it has a harassing purpose.

2. In many jurisdictions the conduct barratry laws are meant to deter is identical to that covered under anti-SLAPP laws. That is not quite the case in Virginia. What is called Virginia's anti-SLAPP law provides only for the recovery of costs; a shield, not a sword.

3. Counterclaimant is a *pro se* litigant, therefore his costs are fairly low. That is a good thing; lowering the costs of legal defense for a journalist will help make independent journalism more economical. Nevertheless, vexatious litigation against a journalist over his work ought to be punished. If the only recoverable relief is the cost of suit, an independent journalist with no means to employ counsel is at a disadvantage to a well-resourced one, and the intended deterrent effect is diminished.

4. The substantial federal case law involving barratry in Virginia concerns attempts by the Supreme Court to rein in abuses of criminal barratry laws in the state, which were used to criminalize civil rights lawyers informing potential plaintiffs that their rights may have been violated. Today, the opposite is more common. Those targeted for reputational destruction by partisans of Israel often find themselves unable to obtain counsel, and therefore potentially unable to effectively defend themselves against vexatious suits like this one.

5. The case law cited in Counterclaim Defendant's Memorandum in Support of the Motion to Dismiss Counterclaim, like *Kissinger-Stankevitz v. Town of Tappahannock*, is not germane. The Virginia Supreme Court is negatively disposed to civil conspiracy claims in which no underlying tort is committed, and does not recognize a claim of conspiracy to inflict

emotional distress. Likewise the Maryland case *Andrews & Lawrence Prof. Svcs. LLC v. Bertinelli* concerns a claim of civil conspiracy to commit the crime of barratry. In this instance the tort of barratry arises from discrete acts in full view of the Court, and there is no civil conspiracy claim.

6. Counterclaim Defendant states that by retracting, Counterclaimant might have introduced evidence to mitigate damages pursuant to COV § 8.01-48: "Mr. Bloom *might* have benefitted himself by making the requested retraction." The mitigating evidence is in the good-faith question as to whether it's the same thing to call someone an Israeli spy or an Israeli in the spyware business who does business with intelligence agencies, the latter not being disputed. A demand for a retraction under threat is a demand to make the article disappear *en toto*, which is quite different from the negotiations relevant to evidence in mitigation of damages, which Counterclaim Defendant declined to enter into.

Jordan Arthur Bloom

3315 N Brandywine St
Arlington, VA 22207
arthuriana89@gmail.com
571-317-9823

*Pro se* certification
I declare under penalty of perjury that:
(1) No attorney has prepared, or assisted in the preparation of this document.

Jordan Arthur Bloom
Name of *Pro Se* Party (Print or Type)

Signature of *Pro Se* Party

Executed on: April 28, 2025

Certificate of Service
I hereby certify that on April 28, 2025, a copy of this document was sent via email to Plaintiff's local counsel, Timothy B. Hyland, at the email address provided in complaint, thyland@hylandplc.com.