FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

2025 SEP 22 P 1:41

| | | |
|---|---|---|
| YAACOV APELBAUM, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:25-cv-147-MHN-WBP |
| | ) | |
| JORDAN ARTHUR BLOOM, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' ANSWERS TO DEFENDANT BLOOM'S**
**FIRST INTERROGATORIES (NOS. 1 – 12) DIRECTED TO PLAINTIFFS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Yaacov Apelbaum and XRVision, Ltd., hereby answer and object to Defendant Jordan Arthur Bloom's First Interrogatories directed to each Plaintiff. These responses are made solely for the purpose of, and in relation to, this action. Each response is given subject to all appropriate objections (including, but not limited to objections concerning competency, relevancy, materiality, propriety, and admissibility), which would require the exclusion of any statement contained herein if the request were asked of, or any statement contained herein, was made by, a witness present and testifying in court. All such objections and grounds therefore are reserved and maybe interposed at the time of trial.

**Objections Applicable to All Interrogatories:**

1. Plaintiffs object to each Interrogatory to the extent it seeks information protected by attorney-client privilege or work product doctrine.

2. Plaintiffs object to each Interrogatory that exceeds the scope of permissible discovery under Federal Rule of Civil Procedure 26(b).

3. Plaintiffs object to the Interrogatories collectively as exceeding the limit of 25 interrogatories under Federal Rule of Civil Procedure 33(a)(1), as the interrogatories collective ask **forty-two (42)** distinct questions. .

4. Plaintiffs' responses are based on information currently available and Plaintiffs reserve the right to supplement responses as discovery proceeds.

## ANSWERS TO FIRST INTERROGATORIES

**INTERROGATORY NO. 1:** *"Identify all clients of XRVision, government and private, the location of its bank accounts, when it became an American rather than a Singaporean company, and whether it does any international business. Also explain which government agencies have availed themselves of XRVision's technology pro bono, and which XRVision has offered it to."*

**OBJECTION:** Plaintiffs object to this Interrogatory as compound, containing at least **six (6)** distinct questions that should be propounded separately. Plaintiffs further object that this Interrogatory is overly broad, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). The identity of all XRVision clients is proprietary, confidential business information and trade secrets protected from disclosure. Plaintiffs object that this Interrogatory seeks information protected by confidentiality agreements with clients, including government entities. The request for bank account locations is irrelevant to any claim or defense and constitutes an improper fishing expedition into Plaintiffs' private financial information. Plaintiffs

further object that this Interrogatory seeks information that could compromise ongoing law enforcement activities. The Interrogatory also exceeds the scope of permissible discovery as it seeks information unrelated to the defamation claims at issue.

**ANSWER: Subject to and without waiving the above-stated objections, Plaintiffs state that that their bank accounts are in the United States, that they were always a US corporation, and that they only engage in domestic (US) business.**

**INTERROGATORY NO. 2:** *"Is it correct that Plaintiff Apelbaum was born in Israel, and when did he renounce his Israeli citizenship? Is it correct that he could be renaturalized under the Israeli Law of Return at any time? According to a former aide, Israeli Prime Minister Benjamin Netanyahu has been a U.S. citizen twice and has at least one Social Security number—the citizenship status of Israelis is notoriously difficult to figure out."*

**OBJECTION:** Plaintiffs object to this Interrogatory as compound and argumentative. Plaintiffs object to this Interrogatory as compound, containing at least **six (6)** distinct questions that should be propounded separately. The Interrogatory improperly includes argument and commentary rather than a proper interrogatory. Plaintiffs object that questions about the Israeli Law of Return call for legal conclusions about foreign law. Plaintiffs further object that the gratuitous commentary about Netanyahu is irrelevant, prejudicial, and improper. The Interrogatory seeks information beyond the scope of relevant discovery.

**ANSWER: Subject to and without waiving the above-stated objections, Plaintiffs state that Mr. Apelbaum was born in Poland, that he renounced his**

**Israeli citizenship on January 2, 2013, that he doesn't know about the details of the law of return.**

**INTERROGATORY NO. 3:** *"Did Plaintiff Apelbaum understand himself to be tasked by the CIA when former CIA officer Larry Johnson involved him in the Hunter Biden matter?"*

**OBJECTION:** Plaintiffs object to this Interrogatory as it assumes facts not in evidence and mischaracterizes Mr. Apelbaum's involvement. Plaintiffs further object that this Interrogatory is vague and ambiguous as to the terms "tasked" and "involved." The Interrogatory seeks irrelevant information, as the source or nature of any request to examine materials does not bear on whether Defendant's statements about Plaintiffs being "Israeli spies" engaged in espionage against the United States are false and defamatory. Plaintiffs also object to the extent this Interrogatory seeks information protected by any confidentiality obligations or the attorney-client privilege or attorney work product doctrine.

**ANSWER: Subject to and without waiving the above-stated objections, Plaintiffs state as follows: No.**

**INTERROGATORY NO. 4:** *"Why did Plaintiff Apelbaum choose to go over the head of the FBI, did he have some reason to believe there was government authorization to do so, and if Plaintiff Apelbaum was not working for the CIA or the FBI when he involved himself in the Hunter Biden matter, can he explain who he was working for, and whether and how much he got paid for his assessment of the laptop material?"*

**OBJECTION:** Plaintiffs object to this Interrogatory as compound, containing at least **five (5)** distinct questions. The Interrogatory is argumentative and assumes facts not in evidence with the phrase "go over the head of the FBI." The Interrogatory is vague and ambiguous as to what constitutes "go[ing] over the head of the FBI" or "government authorization." Plaintiffs further object that compensation information is irrelevant to the defamation claims and constitutes an improper inquiry into private business matters. Plaintiffs also object to the extent this Interrogatory seeks information protected by any confidentiality obligations or the attorney-client privilege or attorney work product doctrine.

**ANSWER: Subject to and without waiving the above-stated objections, Plaintiffs state that they were not working for the FBI or CIA or any other government agency. Plaintiffs were retained as experts in the JP Mac Isaac matter and were not compensated.**

**INTERROGATORY NO. 5:** *"Explain in detail how Plaintiff Apelbaum came to be involved with Mati Kochavi."*

**OBJECTION:** Plaintiffs object to this Interrogatory as vague and ambiguous as to the term "involved with." The Interrogatory is overly broad and seeks information neither relevant nor proportional to the needs of this case. Business relationships with third parties who are not parties to this action are irrelevant to whether Defendant published false and defamatory statements about Plaintiffs with actual malice. Plaintiffs further object that this Interrogatory may seek proprietary business information and trade secrets.

**ANSWER: Subject to and without waiving the above-stated objections,**

**Plaintiffs state that Mr. Apelbaum worked at one time for a company at which Mati Kochavi was the CEO (AGT International).**

**INTERROGATORY NO. 6:** *"When Plaintiff Apelbaum went into business with Mati Kochavi, were his links to Israeli intelligence known to him at the time?"*

**OBJECTION:** Plaintiffs object to this Interrogatory as compound, containing at least **two (2)** distinct questions. Plaintiffs further object to this Interrogatory as it assumes facts not in evidence, specifically that Mr. Apelbaum "went into business with Mati Kochavi" and that Mr. Kochavi has "links to Israeli intelligence." The Interrogatory is argumentative and contains improper characterizations. Plaintiffs further object that this Interrogatory is irrelevant to the claims and defenses in this action. The knowledge or beliefs about third parties' alleged connections are not relevant to whether Defendant's specific statements about Plaintiffs were false and defamatory.

**ANSWER: Subject to and without waiving the above-stated objections, Plaintiffs state that Plaintiffs never went into business with Mr. Kochavi. Wikipedia identifies Kochavi as a former IDF intelligence officer, but Plaintiffs have no independent knowledge of this. Plaintiffs are aware of Wikipedia posts about Kochavi.**

**INTERROGATORY NO. 7:** *"Is it correct that a co-founder of XRVision is Guy Ron, and that he was a software development lead for the Israel Defense Forces, and in Plaintiff's opinion, does this suggest that his involvement with Israeli intelligence ended when he was naturalized?"*

**OBJECTION:** Plaintiffs object to this Interrogatory as compound, containing at least

**three (3)** distinct questions, and argumentative. The Interrogatory improperly seeks Plaintiff's "opinion" on a speculative matter. Plaintiffs object that this Interrogatory assumes facts not in evidence regarding any "involvement with Israeli intelligence." The Interrogatory is irrelevant, as the hypothetical employment history of hypothetical XRVision employees does not bear on whether Defendant's statements about Plaintiffs were false and defamatory. Plaintiffs further object that prior military service by any employee is irrelevant and that the Interrogatory improperly attempts to establish guilt by association. Many technology professionals have prior military experience, which does not make them spies – let alone spies for foreign governments (or any government).

**ANSWER: Subject to and without waiving the above-stated objections, Plaintiffs state Guy Ron is not a founder or co-founder of XRVision, Ltd. – Mr. Apelbaum is. Mr. Ron never had any ownership in XRVision, Ltd. Plaintiffs have no knowledge of what work if any Mr. Ron performed for the IDF and, even if he had done such work, this is irrelevant. Every single Israeli citizen is required to perform national service.**

**INTERROGATORY NO. 8:** *"When Plaintiff Apelbaum told the Arizona Republic that he used to be involved in the world of intelligence agencies, was he speaking strictly in respect to American ones, given his history of doing business with Israeli military and intelligence linked individuals, and is it a reasonable inference, given his business with Mati Kochavi, that he was not strictly speaking in respect to American ones?"*

**OBJECTION:** Plaintiffs object to this Interrogatory as compound (containing at least

**four (4)** distinct questions), argumentative, and calling for speculation. Plaintiffs object that this Interrogatory assumes facts not in evidence regarding what statements were made and to whom, as well as "doing business with Israeli military and intelligence linked individuals." The Interrogatory improperly calls for legal conclusions about what constitutes a "reasonable inference."

**ANSWER: Subject to and without waiving the above-stated objections, Plaintiffs state that the information reported by the Arizona Republic was false and inaccurate. The AZ Republic journalist invented half of Mr. Apelbaum's quotes and information. Mr. Apelbaum has never worked for any intelligence agency, anywhere. However, it is true that Mr. Apelbaum spent seven years in the IDF as an intelligence officer.**

**INTERROGATORY NO. 9:** *"Is Mr. Yaacov Apelbaum the same person as Jacob Apelbaum, listed on several patents as being from the same town in Long Island, and is he the actual inventor of all of them?"*

**OBJECTION:** Plaintiffs object to this Interrogatory as compound, containing at least **four (4)** distinct questions. Plaintiffs further object that any patent information is publicly available and Defendant can determine this information through public records. The Interrogatory is irrelevant to the defamation claims at issue. Whether Mr. Apelbaum has patents under a variant of his name does not bear on whether Defendant's statements that he is an "Israeli spy" engaged in espionage against the United States are false and defamatory.

**ANSWER: Subject to and without waiving the above-stated objections, Plaintiffs state as follows: Yes.**

**INTERROGATORY NO. 10:** *"The only facial recognition patent assigned to Mr. Apelbaum, if these are in fact the same person, concerns a concealed mobile camera. Is XRVision a licensee of any other facial recognition software, or is XRVision in operation using this system, which may be illegal depending on the jurisdiction, and is it Plaintiff's contention that it is unreasonable to call the patent assignee of hidden camera spyglasses a spy?"*

**OBJECTION:** Plaintiffs object to this Interrogatory as compound, containing at least **four (4)** distinct questions that should be propounded separately. The Interrogatory is argumentative, contains legal conclusions, and mischaracterizes both the patent and applicable law. Plaintiffs object that the Interrogatory improperly suggests illegal activity without any factual basis. The Interrogatory seeks proprietary business information and trade secrets regarding XRVision's technology and licensing arrangements. Plaintiffs further object that this Interrogatory calls for legal conclusions about what is "reasonable." Plaintiffs further object to this interrogatory to the extent that it seeks attorney-client privileged information.

**ANSWER: Plaintiffs stand on their objections.**

**INTERROGATORY NO. 11:** *"Has Plaintiff Apelbaum or anyone else involved with the company been in contact with staff or executives at other facial recognition companies, or does Plaintiff Apelbaum have any expectation that his company may be acquired by one of the larger ones, such as Clearview AI?"*

**OBJECTION:** Plaintiffs object to this Interrogatory as compound (containing at least **two (2)** distinct questions) and overly broad. The Interrogatory seeks proprietary business information, trade secrets, and confidential business strategy information

that are irrelevant to the defamation claims. Plaintiffs object that this Interrogatory seeks information protected by confidentiality agreements. Communications with other companies and business expectations regarding potential acquisitions are neither relevant nor proportional to the needs of this case. The Interrogatory constitutes an improper fishing expedition into Plaintiffs' business affairs. This information has no bearing on whether Defendant's statements about Plaintiffs being "Israeli spies" are false and defamatory.

**ANSWER: Plaintiffs stand on their objections.**

**INTERROGATORY NO. 12:** *"It is the contention of Jack Maxey that there was more material in the Hunter Biden files than could plausibly fit on a laptop, which goes to the possibility of one or more hacks being their genuine origin. In Plaintiff's considered, intelligence-linked opinion, is this plausible?"*

**OBJECTION:** Plaintiffs object to this Interrogatory as compound, containing at least **four (4)** distinct questions. Plaintiffs object to this Interrogatory as it improperly seeks expert opinion testimony through an interrogatory. The Interrogatory is argumentative with its reference to "intelligence-linked opinion." Plaintiffs object that this Interrogatory seeks speculation about third-party contentions and hypothetical scenarios. The Interrogatory is irrelevant to the defamation claims, as speculation about the origins of the Biden laptop materials does not bear on whether Defendant's statements about Plaintiffs being "Israeli spies" engaged in espionage are false and defamatory. The Interrogatory also assumes facts not in evidence regarding Mr. Maxey's contentions and the technical specifications of data storage. Plaintiffs also object to the extent that the materials seek materials protected by attorney-client

privilege or the work product doctrine.

**ANSWER: Plaintiffs stand on their objections.**

Dated: September 17, 2025

Respectfully submitted,

Timothy B. Hyland (VSB No. 31163)
Counsel for Yaacov Apelbaum and XRVision,
Ltd. HYLAND LAW PLLC
11710 Plaza America Drive, Suite 160
Reston, VA 20190-4756
(703) 552-4733 (Tel.)
(703) 935-0349 (Fax)
thyland@hylandpllc.com

/s/ John C. Burns
John C. Burns
Counsel for Yaacov Apelbaum &
XRVision, Ltd.*
BURNS LAW FIRM
P.O. Box 191250
St. Louis, Missouri 63119
P: (314) 329-5040
TBLF@pm.me
**Admitted pro hac vice*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 17, 2025, a true and accurate copy of the foregoing was served upon all parties of record via electronic mail.

*/s/ John C. Burns*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| YAACOV APELBAUM, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:25-cv-147-MHN-WBP |
| | ) | |
| JORDAN ARTHUR BLOOM, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' FIRST RESPONSES TO DEFENDANT BLOOM'S FIRST REQUESTS FOR ADMISSION DIRECTED TO EACH PLAINTIFF**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Yaacov Apelbaum and XRVision, Ltd., hereby respond and object to Defendant Jordan Arthur Bloom's First Requests for Admission directed to each Plaintiff. These responses are made solely for the purpose of, and in relation to, this action. Each response is given subject to all appropriate objections (including, but not limited to objections concerning competency, relevancy, materiality, propriety, and admissibility), which would require the exclusion of any statement contained herein if the request were asked of, or any statement contained herein, was made by, a witness present and testifying in court. All such objections and grounds therefore are reserved and maybe interposed at the time of trial.

**Objections Applicable to All Requests:**

1. Plaintiffs object to the extent any Request seeks information protected by attorney-client privilege or work product doctrine.

2. Plaintiffs object to any Request that exceeds the scope of permissible discovery under Federal Rule of Civil Procedure 26(b).

3. Plaintiffs' responses are based on information currently available and Plaintiffs reserve the right to supplement or amend responses as discovery proceeds.

## RESPONSES TO REQUESTS FOR ADMISSION

**ADMISSION NO. 1:** *"The article in question was not shared 'virally' as was stated in Plaintiff's Complaint."*

**OBJECTION:** Plaintiffs object to this Request as vague and ambiguous as to the term "virally," which lacks a clear definition or measurable standard. The Request is also overly broad and seeks information beyond Plaintiffs' knowledge, as it calls for Plaintiffs to have comprehensive knowledge of all sharing activity across all platforms and users. Plaintiffs further object that this Request improperly seeks a legal conclusion regarding the meaning of "viral" sharing in the context of defamation damages. The Request is also irrelevant to the claims and defenses in this action, as the extent of distribution does not negate the defamatory nature of the statements.

**RESPONSE: Subject to, and without waiving the objections stated above, denied.**

**ADMISSION NO. 2:** *"The adjustment proposed by the Defendant, that Plaintiff is an Israeli in the spyware business who by his own admission has done business with intelligence agencies, is unobjectionable as to fact."*

**OBJECTION:** Plaintiffs object to this Request as compound, containing multiple distinct propositions that should be addressed separately. The Request is argumentative and mischaracterizes both the evidence and Plaintiffs' position.

Plaintiffs further object that the Request improperly seeks a legal conclusion about what is "unobjectionable." The Request also mischaracterizes Mr. Apelbaum's statements and business, as XRVision is a legitimate facial recognition and cybersecurity company, not a "spyware business." Plaintiffs object that this Request assumes facts not in evidence and contains Defendant's characterizations rather than established facts.

**RESPONSE: Subject to, and without waiving the objections stated above, denied.**

**ADMISSION NO. 3:** *"It is reasonable to think there is not a meaningful difference between calling someone an Israeli spy and calling someone an Israeli in the spyware business who by his own admission has done business with intelligence agencies."*

**OBJECTION:** Plaintiffs object that this Request improperly calls for a pure legal conclusion regarding "reasonableness" and the legal standard for defamation. The Request is argumentative, compound, and seeks to have Plaintiffs adopt Defendant's legal theory of the case. Plaintiffs further object that the Request mischaracterizes the facts, as Mr. Apelbaum is not "an Israeli" but rather a naturalized U.S. citizen who renounced Israeli citizenship, and XRVision is not in the "spyware business." The Request improperly attempts to conflate legitimate business operations with espionage. This Request seeks an admission on the ultimate issue in the case, which is improper under Rule 36.

**RESPONSE: Subject to, and without waiving the objections stated**

**above, denied.**

**ADMISSION NO. 4:** *"To say the Plaintiff is not wrong about everything, offer an adjustment to language which the Plaintiff would not have been able to dispute, and write about facial recognition in a way which considered XRVision with editors but did not include it in the published article (as provided to Plaintiff per Rule 26), is not indicative of unfair treatment in any way, let alone bigoted treatment."*

**OBJECTION:** Plaintiffs object to this Request as incomprehensible, compound, and containing at least three separate propositions that cannot be fairly admitted or denied as written. The Request is vague and ambiguous, particularly regarding "not wrong about everything" and what specific "adjustment to language" is referenced. Plaintiffs further object that this Request calls for legal conclusions about what constitutes "unfair treatment" or "bigoted treatment" in the context of actual malice. The Request is argumentative and attempts to mischaracterize the evidence. Additionally, the Request improperly references materials allegedly provided under Rule 26 without proper identification.

**RESPONSE: Subject to, and without waiving the objections stated above, Plaintiffs are confused by this request and can neither admit nor deny.**

**ADMISSION NO. 5:** *"When formulating his entirely specious argument that Defendant is prejudiced toward Jews, he did not review the full scope of Defendant's work, which includes the recruitment and publication of many Jewish writers, including from the rightward side of the Israeli political spectrum."*

**OBJECTION:** Plaintiffs object to this Request as argumentative, containing improper characterizations (e.g., "entirely specious"), and compound. The Request assumes facts not in evidence regarding what Plaintiffs reviewed. Plaintiffs further object that this Request is irrelevant, as publishing work by Jewish writers does not negate potential actual malice or prejudice in this specific instance. The Request improperly seeks information protected by attorney-client privilege and work product doctrine regarding Plaintiffs' litigation strategy and investigation. The Request also calls for speculation about what constitutes "the full scope" of Defendant's work.

**RESPONSE: Subject to, and without waiving the objections stated above, Plaintiffs are without sufficient information to admit or deny.**

**ADMISSION NO. 6:** *"Plaintiff admits that Defendant has never spoken before an extremist group or advocated views which constrain the rights of Jews in any way, and the belief that the U.S.-Israel relationship is out of control due to an unwillingness to hold them to equal principles of justice, or that the institutions of Israeli advocacy have not served American Jews well, do not in themselves constitute a bigoted point of view."*

**OBJECTION:** Plaintiffs object to this Request as improperly compound, containing multiple distinct propositions that must be addressed separately. The Request calls for legal conclusions about what constitutes "extremist groups," "bigoted point of view," and the legal relevance of such matters to actual malice.

Plaintiffs further object that this Request is argumentative and attempts to reframe the issues in the case. The Request seeks information beyond Plaintiffs' knowledge regarding all of Defendant's speaking engagements and advocacy. The Request is also irrelevant to the defamation claims, as the issue is whether Defendant published false statements about Plaintiffs with actual malice, not Defendant's broader political views.

**RESPONSE: Subject to, and without waiving the objections stated above, Plaintiffs are without sufficient information to admit or deny.**

Dated: September 17, 2025

Respectfully submitted,

Timothy B. Hyland (VSB No. 31163)
Counsel for Yaacov Apelbaum and XRVision,
Ltd. HYLAND LAW PLLC
11710 Plaza America Drive, Suite 160
Reston, VA 20190-4756
(703) 552-4733 (Tel.)
(703) 935-0349 (Fax)
thyland@hylandpllc.com

/s/ John C. Burns
John C. Burns
Counsel for Yaacov Apelbaum &
XRVision, Ltd.*
BURNS LAW FIRM
P.O. Box 191250
St. Louis, Missouri 63119
P: (314) 329-5040
TBLF@pm.me

**Admitted pro hac vice*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 17, 2025, a true and accurate copy of the foregoing was served upon all parties of record via electronic mail.

*/s/ John C. Burns*